IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00171-WDM-MEH

EUGENE WIDEMAN JR.,

      Plaintiff,

v.

ELAINE CHAO, DIRECTOR, OFFICE OF WORKERS COMPENSATION,

      Defendant.

---

## RECOMMENDATION ON MOTION TO DISMISS

---

Defendant has filed a Motion to Dismiss (Docket #6), and it has been referred to this Court (Docket #12). The matter is fully briefed, and oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, it is **recommended** that the Motion to Dismiss be **denied**, and that this case be administratively closed, pending a determination by the Secretary of Labor concerning coverage under the Federal Employee's Compensation Act (FECA) for Plaintiff's claims.

## BACKGROUND

Plaintiff, once an employee of the Federal Bureau of Prisons, suffered an on-the-job injury on April 6, 2002. Plaintiff applied for federal worker's compensation benefits from the Office of Worker's Compensation Programs (OWCP) of the Department of Labor. On May 2, 2002, OWCP accepted a claim for right ankle sprain and right leg laceration. On May 23, 2002, OWCP accepted a claim for left shoulder, thoracic, and lumbar strains. Several years later, on June 17, 2004, after becoming unable to work, Plaintiff filed a claim for a torn rotator cuff arising from the same incident. After considerable delay and several denials and appeals, OWCP accepted the claim on December 28, 2005, and paid full back wages and benefits. However, Plaintiff filed a claim under the Federal Tort

Claims Act against the OWCP, contending that it, "for 17 months, omitted, misstated and fabricated medical information, to interfered [sic] Mr. Wideman's appeal rights and right to receive medical care and loss [sic] wages benefits." Amended Complaint at 3. Plaintiff contends that his being out of work for so long without income and benefits resulted in significant injury, including losing the mortgage on his home, using part of his retirement savings, incurring past due child support, and irreversible damage to his credit rating. He does not say what his theory of recovery is. He appears to argue a general negligence theory concerning OWCP's actions in handling his claim. *See e.g.,* Response to Motion to Dismiss, at 13 ("the negligent manner that claims were handled by OWCP"); *id.* at 14 ("The actions by the Defendants reflect how negligent their actions had been, and still continue to be to date"). He filed a claim under the Federal Tort Claims Act (FTCA) against the United States on February 23, 2006.

Defendant seeks to dismiss the Amended Complaint under one or more of five theories:

1. Subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), based on the exclusivity of FECA;

2. Subject matter jurisdiction based on the discretionary function exception to the FTCA;

3. Failure to state a claim under Colorado negligence law;

4. Failure to name the proper party defendant; and

5. Insufficiency of service of process.

The Defendant also seeks to limit Plaintiff's claim to the amount alleged in his administrative filing, $40,000.00.

# ANALYSIS

## I.   Standard of Review.

### A.   Dismissal under 12(b)(1)

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1).  Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).  A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971).  The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso*, 495 F.2d at 909.  Accordingly, Plaintiff in this case bears the burden of establishing that this Court has jurisdiction to hear his claims.

### B.   Dismissal under 12(b)(6)

A dismissal for failure to state a claim under Rule 12(b)(6) is appropriate only when it is apparent that a plaintiff can prove no set of facts that would entitle him to relief. *See Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).  In evaluating a Rule 12(b)(6) motion to dismiss, "all well-pleaded factual allegations in the . . . complaint are accepted as true and viewed in the light most favorable to the nonmoving party." *Sutton v. Utah State Sch. for Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).  The issue in reviewing the sufficiency of a plaintiff's Complaint is not whether plaintiff will prevail, but whether plaintiff is entitled to offer evidence to support his

claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982)). Although a plaintiff does not need to state each element of his claim precisely, he must plead minimal factual allegations on those material elements that must be proved. *See* Fed.R.Civ.P. 8(a); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

        C.      Dismissal of *Pro Se* Plaintiff's Complaint

      A federal court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). The court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. A dismissal "without affording the plaintiff notice or an opportunity to amend is proper only 'when it is patently obvious that plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" *Curley v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (*quoting Hall*, 935 F.2d at 1110 (additional quotation marks omitted)).

## II.    Subject Matter Jurisdiction

      This Court has the responsibility of examining its subject matter jurisdiction at all times in the course of a federal lawsuit. Fed. R. Civ. P. 12(h)(3). Defendant has raised the argument that FECA provides the exclusive remedy for Plaintiff's claims of negligence, damages for which Plaintiff includes "pain and suffering" and "sever[e] mental distress." Response to Motion to Dismiss at 3, 4. Although Defendant alleges that the Secretary of Labor considered (and ultimately approved) claims for the physical injury Plaintiff suffered in the workplace, Defendant gives no indication that the Secretary has considered Plaintiff's current claims of damage resulting from the processing of his claims. In *Tippetts v. United States*, 308 F.3d 1091 (10th Cir. 2002), the court noted the black letter

law that "[i]f the FECA applies, the FTCA claim must be dismissed even if benefits are not actually awarded by the Secretary." *Id.* at 1094.  However:

> The Secretary must determine, as an initial matter, whether a claim falls within the purview of the FECA. . . . When a claim is presented to the court without having first been submitted to the Secretary for a ruling on FECA coverage, the court must permit the Secretary to evaluate the claim if there is a substantial question that FECA coverage exists. . . . "A substantial question regarding [FECA] coverage exists unless it is certain the Secretary would not find coverage."

*Id.* (citations omitted).  In *Tippetts*, as here, the Plaintiff claimed emotional distress and financial hardship based on actions that the United States Postal Service took (including delay in approving and paying benefits) in adjudicating a worker's compensation claim.  The plaintiff asserted the tort of intentional infliction of emotional distress arising from the handling of his claim.  The Tenth Circuit determined that claims of emotional distress arising from the processing of a worker's comp claim presented "a substantial question of FECA coverage." *Id.* (citations omitted).  Moreover, despite the fact that the alleged damages occurred while the plaintiff was not performing any work duties because he was on administrative leave, the Tenth Circuit still required the Secretary to determine whether "the claim arose from the employment context." *Id.* at 1095 (citation omitted).

Thus, because it is the Secretary of Labor's determination of FECA coverage that forecloses an FTCA claim, *id.* at 1094 (citing 5 U.S.C. § 8226(c); *Southwest Marine, Inc. v. Gizoni*, 502 U.S. 81, 90 (1991)), and because Defendant has not presented the Secretary's determination here concerning the FTCA claims that Plaintiff brings here, such determination is required before this Court can determine whether subject matter jurisdiction exists.

## III.    Defendant's Remaining Arguments

Because the theory of FECA preclusion presents an overriding concern as to the subject matter jurisdiction of this Court, it is appropriate to determine what the position of the Secretary of Labor is with regard to FECA coverage prior to considering the Defendant's other arguments, which

may or may not be determinative of the case as a whole.  Nonetheless, for judicial efficiency's sake, some comment is appropriate concerning those defenses.

      A.     Discretionary Function Exception

The Court believes that factual issues may preclude a decision on the issue of the discretionary function exception to the FTCA.  Whether the discretionary function exception applies in a given case presents a jurisdictional question that is intertwined with the merits of the case.  *Franklin Savings Corp. v. United States*, 180 F.3d 1124, 1129-30 (10th Cir. 1999).  Although there are numerous federal cases invoking the exception in cases challenging the denial of benefits, Defendant notes that the Plaintiff here is also making a claim in the nature of medical malpractice.  Motion to Dismiss at 12.  The reported cases hold that a claim in the nature of medical malpractice is not barred by the exception.  *E.g.*, *Collazo v. United States*, 850 F.2d 1 (1st Cir. 1988).  Thus, any determination of the applicability of the discretionary function exception would require a definitive analysis of the scope of Plaintiff's claims.  For the sake of judicial efficiency, such analysis should await the Secretary's decision on FECA coverage.

      B.     Failure to State a Claim under Colorado Law

The Court has some suspicion of Plaintiff's ability to state a cognizable tort under Colorado state law.  For example, in *Clark v. United States*, No. C07-00805, 2007 WL 2358630 (N.D. Cal. Aug. 17, 2007), the court examined an FTCA claim in the nature of a delay and denial of disability retirement benefits.  The court determined that the analogous private actor claim under state law would be a claim for denial or delay in benefits against a corporation under ERISA.  Because ERISA had been interpreted by the Supreme Court as precluding "'a cause of action for extra-contractual damages caused by improper or untimely processing of benefit claims,'" *id.* at *3 (quoting *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 148 (1985)), the district court held that

the plaintiff could not bring an FTCA claim against the Office of Personnel Management, since a private employer would not be liable in such a situation. However, the government has not argued this position but, rather, contends that Plaintiff's claim is in the nature of a bad faith insurance claim, and the Plaintiff cannot satisfy the elements of such a claim under Colorado law. The Court does not believe that the Amended Complaint can be read so narrowly as to limit Plaintiff's theory of recovery to that of a bad faith denial of insurance claim. For these reasons, the Court believes that the more appropriate avenue here would be to first determine the Court's subject matter jurisdiction.

       C.    <u>Proper Party Defendant</u>

It is this Court's experience that when a *pro se* complaint under the FTCA improperly names a federal agency rather than the United States of America, the improper defendant is dismissed and the United States is substituted as the proper party defendant. Again, because a determination of the Court's subject matter jurisdiction on a substantive level would be the more appropriate avenue in dealing with the disposition of this case, the Court does not believe a dismissal on the procedural point of naming the correct defendant is warranted at this time.

       D.    <u>Service of Process</u>

Because the courts are required to allow a reasonable time for service of process for the purpose of curing a failure to serve multiple officers of the United States when the plaintiff has effected service on either the Attorney General or the United States Attorney, *Henderson v. United States*, 517 U.S. 654, 669 n.17 (1996) (citing then Fed. R. Civ. P. 4(i)(3)), the Court does not believe dismissal on this basis is warranted for the reasons discussed above.

## IV.    Conclusion

Accordingly, for the reasons stated above, the Court RECOMMENDS that Defendant's Motion to Dismiss [<u>Filed July 25, 2007; Docket #6</u>] be **denied** and that this case be **remanded** to

the Secretary of Labor for a determination as to whether Plaintiff's claims are covered by FECA.

It is FURTHER RECOMMENDED that this case be **administratively closed** until such a determination is made and that Defendant file a status report within five business days after the Secretary of Labor's determination.  Under Fed. R. Civ. P 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.[1]

Dated at Denver, Colorado this 6th day of September, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

---

[1] The party filing objections must specifically identify those findings or recommendations to which the objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations.  *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1).  Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy of this Recommendation may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court.  *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).