IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No.   07-cv-00171-WDM-MEH

EUGENE WIDEMAN JR.,

   Plaintiff,

v.

ELAINE CHAO, DIRECTOR, OFFICE OF WORKERS COMPENSATION,

   Defendant.

## ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE

Miller, J.

This case is before me on the recommendation of Magistrate Judge Michael E. Hegarty (doc no 22) that this case be remanded to the Secretary of Labor for a determination of coverage under the Federal Employees' Compensation Act ("FECA"). Plaintiff and Defendant both filed objections to the recommendation and therefore are entitled to *de novo* review.  28 U.S.C. § 636(b).  For the reasons set forth below, I accept the recommendation as modified and overrule the parties' objections.

Plaintiff filed his complaint under the Federal Tort Claims Act ("FTCA"), alleging wrongful conduct in connection with several claims for federal workers' compensation benefits from the Office of Workers' Compensation Programs ("OWCP") of the Department of Labor.  All claims have been paid, but Plaintiff seeks damages in this lawsuit resulting from the OWCP's initial denial of a claim filed June 17, 2004, as well as what appears to be malpractice claims for the treatment of his work-related injuries.  Plaintiff's theory of

recovery appears to be that OWCP was negligent or acted in bad faith in the processing of the claim, resulting in financial losses to Plaintiff such as losing his mortgage and damage to his credit rating. Defendant filed a motion to dismiss (doc no 6) arguing, *inter alia*, that Plaintiff's claims were barred by the exclusivity provisions of FECA or, in the alternative, by the discretionary function exception to the FTCA. In general, if a claim is covered by FECA, the district court is without jurisdiction to consider its merits, even if benefits are not actually awarded. *Tippetts v. United States*, 308 F.3d 1091, 1094 (10th Cir. 2002). If there is a substantial question that FECA coverage exists and the Secretary has not already made a determination of FECA coverage, the court must permit the Secretary to evaluate the claim. *Id*. Magistrate Judge Hegarty recommends that the motion to dismiss be denied, the case administratively closed, and the matter remanded to the Secretary for determination of the extent to which Plaintiff's claims are covered by FECA.

I have reviewed the pertinent portions of the record, including Plaintiff's complaint, the motion to dismiss and Plaintiff's response, the recommendation, and the parties' objections. Plaintiff objects to the recommendation on the grounds that if remanded, his case will languish at the OWCP. He requests that a timetable for a decision be imposed if the matter is remanded. Plaintiff also raises several new theories of recovery, including that Defendant, as well as unnamed physicians, discriminated against him based on his age and race in various treatment decisions. These claims were not included in his complaint, and they raise a substantial question of FECA coverage. Accordingly, any such claims must first be submitted administratively pursuant to FECA before they can be addressed in this court.

Defendant objects to the recommendation on the grounds remand is unnecessary. Specifically, Defendant argues that the majority of Plaintiff's claims clearly fall within FECA and the small portion of claims that do not fall within FECA can be disposed of on the merits. Defendant provides an affidavit from Edward G. Duncan, Deputy Director for Federal Employees' Compensation, Office of Workers' Compensation Programs, United States Department of Labor. In the affidavit, Mr. Duncan testifies that "any worsening of a covered FECA condition which occurred due to OWCP's or the employing agency's delay in authorizing medical treatment . . . would be covered under FECA." Exhibit 1 to Defendant's Objection at ¶ 3. He further states that, "an emotional injury sustained solely as a result of OWCP's actions in processing a claim for FECA compensation . . . would clearly **not** be covered under FECA." *Id.* at ¶ 2 (emphasis in the original).

Mr. Duncan's affidavit, however, leaves unanswered the question of whether the financial losses allegedly resulting from the delay in granting Plaintiff's benefits would be considered to be part of his initial on-the-job injury. As noted by the court in *Noble v. United States*, which was cited by Defendant, "[o]nce the OWCP determines that a disability or death resulted from a work-related injury as defined by FECA, the claimant is limited to the remedies authorized by FECA, *even if a particular type of damage or consequence the claimant suffered is not compensable under FECA.*" 216 F.3d 1229, 1234 (11th Cir. 2000) (emphasis added). The acts or omissions of the OWCP could be analogous to medical malpractice, which is not considered to break the causal connection back the original harm; thus, Plaintiff's alleged financial injuries are plausibly an "aggravation" of his initial on-the-job injury and covered under FECA, although FECA may not provide a remedy for such damages. *See id.* at 1236 (finding that claimant's pain and

job loss resulting from OWCP's delay in approving surgery presented a substantial question of coverage, even if such injuries are not compensable under FECA).

Therefore, I agree that all of Plaintiff's claims present a substantial question of coverage under FECA and the appropriate course is to hold the case in abeyance until the Secretary has had an opportunity to determine whether Plaintiff's alleged injuries arise out of his initial on-the-job injury.

Accordingly, it is ordered:

1. The recommendation of Magistrate Judge Michael E. Hegarty (doc no 22) is accepted.

2. Defendant's Motion to Dismiss (doc no 6) is denied without prejudice.

3. This case will be administratively closed subject to reopening upon good cause shown after the Secretary of Labor has determined whether Plaintiff's alleged damages and injuries are covered by FECA.

4. If good cause is not shown on or before October 31, 2008, the case will be dismissed without prejudice.

DATED at Denver, Colorado, on October 30, 2007.

BY THE COURT:

s/ Walker D. Miller
United States District Judge