IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No. 07-cv-00171-WDM-MEH

EUGENE WIDEMAN JR.,

    Plaintiff,

v.

ELAINE CHAO, DIRECTOR, OFFICE OF WORKERS COMPENSATION,

    Defendant.

## ORDER ON MOTION TO COMPEL AND MOTION TO REOPEN

Miller, J.

This case is before me on the Motion to Compel OWCP to Perform Duties (doc no 27) and Motion to Reopen Complaint (FTCA) (doc no 26). By order dated October 30, 2007, I accepted the recommendation of Magistrate Judge Michael E. Hegarty (doc no 22) that this case be remanded to the Secretary of Labor for a determination of coverage under the Federal Employees' Compensation Act ("FECA").

Plaintiff's complaint in this matter concerned his unhappiness over the handling of several claims for federal workers' compensation benefits from the Office of Workers' Compensation Programs ("OWCP") of the Department of Labor. I remanded the case to the Secretary of Labor on the grounds that Plaintiff's claims were barred by the exclusivity provisions of FECA or presented a substantial question of FECA coverage, which required evaluation by the Secretary. Specifically, my order directed that "This case will be administratively closed subject to reopening upon good cause shown after the Secretary

of Labor has determined whether Plaintiff's alleged damages and injuries are covered by FECA."

Plaintiff's two motions appear to attempt to reopen this administratively closed case. In his Motion to Reopen Complaint (FTCA), Plaintiff does not provide any evidence that the Secretary has considered whether his damages and injuries are covered by FECA. Rather, he repeats his complaints about the handling of his federal workers' compensation claims, including the adequacy of the medical care he has received. This does not resolve the issue of whether Plaintiff's claims are barred by the exclusivity provisions of FECA and does not provide good cause for reopening this matter.

In Plaintiff's Motion to Compel OWCP to Perform Duties, he apparently seeks a writ of mandamus pursuant to 28 U.S.C. § 1361. Aside from the fact that this case is closed and Plaintiff has not shown good cause to reopen it, he has cited no authority to demonstrate the existence of a non-discretionary duty of Defendant to provide him the relief he seeks, such as a new doctor, an MRI, "competent medical care," recategorization of blood pressure and weight gain problems as medical conditions, and correction of wage loss benefits.

Accordingly, it is ordered:

1. Plaintiff's Motion to Compel OWCP to Perform Duties (doc no 27) and

Motion to Reopen Complaint (FTCA) (doc no 26) are denied.

DATED at Denver, Colorado, on March 6, 2008.

BY THE COURT:


s/ Walker D. Miller
United States District Judge